IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JULIO GUILLERMO AQUIL,<br><br>Defendant. | CR 97–45–BLG–SPW–5<br><br><br>ORDER |

In 1998, Defendant Julio Guillermo Aquil was sentenced to 480 months of imprisonment following his convictions for conspiracy to distribute methamphetamine, use of a firearm in relation to a drug trafficking offense, and money laundering. (*See* Doc. 370.) Aquil now seeks, for the second time, to reduce his sentence under Amendment 782 to the United States Sentencing Guidelines. (Doc. 628; *see* Doc. 575.) That motion is denied.

On November 1, 2014, the Sentencing Commission issued Amendment 782 to its Sentencing Guidelines, retroactively lowering the recommended sentences for certain drug crimes by two offense levels under USSG §2D1.1. *See* USSG App. C, amends. 782, 788 (eff. Nov. 1, 2014). However, a defendant is only eligible for a reduction in sentence under this amendment if the amendment lowers the defendant's applicable guideline range. 18 U.S.C. § 3582(c)(2); USSG

1

§1B1.10(a), comment. (n.1(A)). Because that is not the case here, Aquil is not eligible for a sentence reduction under Amendment 782.

At the time of his sentencing in 1998, Aquil was found responsible for 49.4424 kilograms of methamphetamine, making his base offense level 38. (PSR ¶¶ 119, 121 (citing the 1997 Guidelines).) As a result, Aquil's total offense level was 42 and, with a criminal history category I, his ultimate guideline range was 360 months to life. (PSR ¶¶ 144, 149, 175.) Even after Amendment 782, with a drug amount of 49.4424 kilograms, his base offense level remains 38. *Compare* USSG §2D1.1(c)(1) (1997) ("15 KG or more of Methamphetamine") *with* USSG §2D1.1(c)(1) (2024) ("45 KG or more of Methamphetamine"). Fundamentally, "because of the large quantity of drugs involved in this case, [Aquil]'s offense level does not change from his prior sentencing." (PSR Add., Doc. 582, ¶¶ 5, 6). Amendment 782 did not lower Aquil's applicable guideline range, making him ineligible for a reduction under this amendment.[1] *See* 18 U.S.C. § 3582(c)(2); USSG §1B1.10(a).

---

[1] Aquil's first Amendment 782 motion was denied on March 9, 2015 on the basis that "[i]f a two-level reduction was made to Defendant Aquil's offense level, his guideline range would still be 360 months to life . . . [so] a two-level reduction in [his] base offense level would not 'have the effect of lowering the defendant's applicable guideline range[.]'" (Doc. 579 at 1–2 (quoting USSG §1B1.10(a)(2)(B)).) Aquil is correct in arguing that this analysis is flawed insofar as a two-level reduction from a total offense level 42 to an offense level 40 would change the applicable guideline range from "360 months to life" to "292 to 365 months." (*See* Doc. 628 at 2.) Nevertheless, Aquil is still not eligible for relief

2

Accordingly, IT IS ORDERED that Aquil's motion for sentence reduction under Amendment 782 (Doc. 628) is DENIED.

DATED this 5th day of May, 2025.

/s/ Susan P. Watters
Susan P. Watters, District Judge
United States District Court

---

because his total offense level remains 42, not 40. (*See* PSR Add., Doc. 582, ¶¶ 5, 6.)